### In re DUBOSKY.

(District Court, E. D. Pennsylvania. February 15, 1916.)

No. 4919.

COURTS ⬤⟾116(1)—RECORDS—CORRECTION.

Where a mechanic's lien creditor of a bankrupt was entitled to priority over a judgment creditor, if there was filed of record in time an affidavit of service of notice of the filing of the lien, and the mechanic's lien creditor claimed that the record of the state court did not declare the facts and asked the referee in bankruptcy to make a new record to accord with the parol proofs, the referee could not correct the record of the state court, but the claimant was entitled to an opportunity to apply to the state court to correct the records.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 369; Dec. Dig. ⬤⟾116(1).]

In Bankruptcy. In the matter of the bankruptcy of Anthony Dubosky. On petition for review of order of referee denying priority to a mechanic's lien claimant. Petition allowed, and order revoked, with instructions.

Arthur L. Shay, of Pottsville, Pa., for petitioner.

Charles E. Berger and James B. Reilly, both of Pottsville, Pa., opposed.

DICKINSON, District Judge. The fact part of this controversy is soon told. The controversy is between a judgment and a mechanic's lien creditor of the bankrupt. The referee has found the mechanic's lien claim to have priority, if its lien has not been lost. It is claimed it has been lost by (among other things) the failure to file "of record" in time an affidavit of the service of notice of the filing of the lien, as required by the act of assembly. The claimant concedes such failure to be fatal to its claim. It asserts, however, that the affidavit was filed within the time limited by law.

The act of assembly of June 4, 1901 (P. L. 431), requires the claimant to give notice of the filing of his lien and prescribes the form of the notice. It further provides that within one month of the filing of the lien he "shall file of record in said proceedings an affidavit of the fact and manner of such service." Under the concessions made it is obvious that the only question before us is: Was the required affidavit filed of record? It is just as obvious that the question can only be answered by an appeal to the record. Instead of an appeal to the record as it is, the mechanic's lien creditor asked the referee to make a new record to accord with the parol proofs of what the record should be. This the referee declined to do. In this he was correct.

Inasmuch, however, as it is averred the filing date on the affidavit is an error, and that the affidavit was filed of record within the required limit of time, we think an opportunity should be given the claimant to apply to the court whose record it is to amend it so as to conform to the fact. Comity, if nothing else, would dissuade one court from finding that the record of another court was not of the verity which all records import. There would be the highest impropriety in even discussing what amendments another court should make of its records, or what measure of proof would satisfy it that an error had been made. It might be that it would be less or more exacting than the discussion before the referee suggests.

The petition for review is allowed, and the order disallowing the mechanic's lien claim is revoked, with instructions to make such order in the premises in accordance with this opinion as the referee may deem proper.